UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RONNIE WOODALL and ADRIA ESCALANTE,**<br>*Plaintiffs*<br><br>**v.**<br><br>**RUSSELL T. PICKVANCE II, individually and d/b/a CYCLEAST, QUALITY BICYCLE PRODUCTS, INCORPORATED, MAXWAY CYCLES CO., LTD, and AXMAN ENTERPRISE CO., LTD.,**<br>*Defendants* | Case No. 1:21-CV-485-LY |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiffs' Motion to Remand, filed July 1, 2021 (Dkt. 5), and Defendants' Response to Plaintiffs' Motion to Remand with Brief in Support, filed July 15, 2021 (Dkt. 6). The District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 7.

**I.   Background**

Plaintiff Ronnie Woodall, a resident of Travis County, Texas, alleges that he purchased an "All-City Cycles Macho Man Flat Bar" bicycle in April 2019 from Defendant Cycleast, a local bicycle shop in Austin, Texas. Defendant Russell T. Pickavance, also a Travis County resident, owns Cycleast. Woodall alleges that Defendants Quality Bicycle Products, Inc. ("QBP"), Maxway

Cycles Co., Ltd. ("Maxway"), and Axman Enterprise Co., Inc. ("Axman")[1] designed, manufactured, and marketed the bicycle.

Woodall alleges that on April 30, 2019, he was riding his newly purchased bicycle in downtown Austin, Texas when the bike "spontaneously and unexpectedly broke apart at the two welds underneath the handlebars." Dkt. 6 at 11. As a result of the bicycle disassembling, Woodall alleges, he went headfirst into a metal fence and sustained serious injuries to his face, neck, shoulder, and spine, as well as other damages.

On December 4, 2020, Woodall and Adria Escalante, his wife, filed this negligence suit in state court against Pickavance, individually and "d/b/a Cycleast" (collectively, "Cycleast"). *Woodall v. Pickavance,* D-1-GN-20-007321 (353rd Dist. Ct., Travis County, Tex. Dec. 4, 2020) (Dkt. 1-2).[2] Pursuant to Section 82.003(5) of the Texas Civil Practices and Remedies Code, Plaintiffs allege that Cycleast was negligent as the seller of the bicycle because it should have been aware of the defective bicycle frame and made false representations about the bicycle's safety and reliability. *Id.* ¶ 12. Plaintiffs contend that: "Had the representations been correct, Plaintiff's bike would not have failed, and **Plaintiff would not have been injured**." *Id.* Woodall seeks monetary damages for past and future physical pain and mental anguish, past and future lost earnings, future lost earning capacity, disfigurement in the past and future, physical impairment in the past and future, medical

---

[1] QBP is a Minnesota corporation with its principal place of business in Bloomington, Minnesota. Maxway and Axman are foreign corporations organized under the laws of Taiwan, with their principal places of business in Taiwan.

[2] This is the second lawsuit Plaintiffs have filed against Cycleast and QBP. On April 10, 2020, Plaintiffs filed suit in state court, alleging the same claims against Cycleast and QDP as they allege here. *Woodall v. Quality Bicycle Products, Inc.,* D-1-GN-20-002075 (419th Dist. Ct., Travis County, Tex. April 10, 2020) (Dkt. 1-1 in 1:20-CV-00554-LY). After Defendants removed that case to federal court, Plaintiffs filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs sought dismissal without prejudice because "Woodall requires additional medical treatment at this time and desires to focus on attaining the medical treatment rather than engaging in litigation at this time." Dkt. 21 in 1:20-CV-00554-LY. The District Court granted the motion, dismissed the case without prejudice, and awarded Defendants reasonable and necessary attorneys' fees. *Id.* at 28.

expenses in the past and future, loss of consortium, and all other expenses and damages allowed by law in equity. Escalante seeks damages for loss of household services and loss of consortium. On April 29, 2021, Plaintiffs filed their First Amended Petition in state court, adding product liability claims against Defendants QDB, Maxway, and Axman. Dkt. 1-6.

On June 2, 2021, Defendants QBP and Cycleast, with Maxway and Axman's consent, removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1. Although Cycleast shares the same citizenship as Plaintiffs, Defendants argue that Cycleast's citizenship should be disregarded for purposes of diversity jurisdiction because Cycleast has been joined improperly, which Plaintiffs dispute.

## II.   Analysis

In their Motion to Remand, Plaintiffs contend that Defendants' removal was improper because there was not complete diversity of citizenship, as required under § 1332. Therefore, Plaintiffs argue, this case should be remanded to state court.

### A. Legal Standards

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U. S. 375, 377 (1994) (citations omitted). Congress has granted federal courts jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 and 1332(a); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Congress also has enacted statutes permitting parties to remove to federal court cases originally filed in state court. *Home Depot*, 139 S. Ct. at 1746. The general removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of

3

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removal statute is to be given a "strict construction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

Under 28 U.S.C. § 1447(c), a district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal bears the burden of establishing federal jurisdiction and that removal was proper. *Id.*; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "Removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citation omitted). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281.

### B.  Defendants' Removal Was Improper

Defendants removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites for diversity jurisdiction in Section 1332 are satisfied, including the requirement of complete diversity of citizenship. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

Here, complete diversity of citizenship was lacking at the time of removal because Plaintiffs and Cycleast all are citizens of Texas. Defendants acknowledge that "Pickavance is a Texas citizen, and his citizenship prevents this Court from exercising diversity jurisdiction." Nonetheless, Defendants argue that the Court should ignore Cycleast's citizenship "because Plaintiffs improperly joined Pickavance d/b/a Cycleast solely to defeat diversity jurisdiction." Dkt. 6 at 2. Defendants thus attempt to rely on the doctrine of improper joinder, which provides that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The improper joinder doctrine arises when a plaintiff improperly joins a non-diverse defendant in order to defeat diversity jurisdiction. *See, e.g., Smallwood*, 385 F.3d at 573 ("Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."); 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 3641.1 (3d ed. 2021 Update) ("[T]he most common device used to destroy diversity of citizenship jurisdiction and the possibility of removal is for a state court plaintiff to join a party whose presence in the case creates the prohibited co-citizenship on both sides of the litigation, thereby preventing satisfaction of the complete diversity rule").[3]

But Plaintiffs did not join Cycleast as a defendant; rather, Plaintiffs filed this case in state court against Cycleast, the original defendant. Plaintiffs' Original Petition (Dkt. 1-2). Thus, Plaintiffs

---

[3] A defendant may establish improper joinder by showing either (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Smallwood*, 385 F.3d at 573.

did not file a lawsuit against diverse defendants and then later add a non-diverse defendant to defeat diversity jurisdiction.

Federal courts permit plaintiffs to craft their complaints to avoid federal jurisdiction, which "includes a plaintiff's decision as to which parties to sue." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 438 (5th Cir. 2014); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties.") (cleaned up).

As the masters of their complaint, Plaintiffs were "free to craft his lawsuit in a manner that avoids federal jurisdiction and to live with the consequences of that decision." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 597 (5th Cir. 2020). "If the plaintiff's preference is for a state court, rather than a federal court, he or she simply may file suit in a state court." WRIGHT & MILLER § 3641 (3d ed. 2021 Update). That is precisely what Plaintiffs did in this case.

Because Plaintiffs chose to file their case in state court against a non-diverse defendant, Defendants lacked the authority to remove this suit to federal court under Section 1332. *Id.* Accordingly, the Court lacks subject matter jurisdiction over this matter, and the case should be remanded to state court under Section 1447(c). *Id.*

### III.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion to Remand (Dkt. 5) and **REMAND** this case to the 353rd District Court of Travis County, Texas, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on August 17, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE